## HOFGESANG et al. v. GRAUMAN, Judge.

Court of Appeals of Kentucky.
April 24, 1953.

Hardy & Hardy, Louisville, for appellants.

J. D. Buckman, Jr., Atty. Gen., and Squire N. Williams, Jr., Ass't. Atty. Gen., Ralph Stone, Louisville, for appellee.

WADDILL, Commissioner.

The petitioners seek a writ of prohibition to prevent Honorable Lawrence S. Grauman, Judge of the Common Pleas Branch of the Jefferson Circuit Court from proceeding to try action No. 338-289, styled, State Property and Buildings Commission et al. v. City of Louisville, Joseph C. Hofgesang and Myrtle S. Hofgesang. The respondent has filed a general demurrer to the petition.

The action pending before Judge Grauman is one whereby the State Property and Buildings Commission, an agency of this Commonwealth, seeks to condemn for public purposes a street of the city of Louisville which intersects property acquired as a site for the new State Fair Grounds. Joseph C. Hofgesang and his wife were made parties defendant in this suit and are alleged to be the joint owners of certain property lying at the southwesterly terminus of the roadway sought to be condemned.

The petition for condemnation states that the Hofgesangs are asserting "a right, title and interest in and to said roadway" and asks that they be required to set forth their "right, title and interest in and to said roadway and the use thereof, if any, or be forever barred therefrom." The Hofgesangs filed special and general demurrers to the petition which were overruled. Thereupon the Hofgesangs applied to this Court for a writ of prohibition on the ground that Judge Grauman is proceeding erroneously within his jurisdiction from which great and irreparable injury will result to the petitioners for which there is no adequate remedy by appeal.

Petitioners contend that the State Property and Buildings Commission is merely a state agency with no inherent power of eminent domain and has not been empowered to condemn land which has been devoted to a public use.

The constitutionality of the act creating this commission was upheld in Preston v. Clements, 313 Ky. 479, 232 S.W.2d 85. The general powers and duties of the State Property and Buildings Commission are enumerated under KRS 56.460. Subsection (6) thereof provides:

"(6) To acquire, by condemnation in any manner provided in KRS Chapter 416, any real estate necessary for use by the State or by any State agency, when the Commission is unable to agree with the owner thereof on a price for such real estate."

We think it is clear that the legislature, by enactment of KRS 56.460, empowered the State Property and Buildings Commission to condemn any real estate necessary for use by the state or any state agency. The determination of the necessity of the acquisition of the land is also vested by statute in the commission. Therefore, like the sovereign itself, the commission exercising the power delegated to it by the statute may make a determination as to the necessity of exercising its power, which in the absence of fraud, bad faith, or abuse of discretion is not reviewable by the courts.

Although it is argued that petitioners will be greatly damaged by the condemning of the land in question, this contention is insufficient for the granting of the writ since we find that the State Property and Buildings Commission has the power to condemn the street, or if it is found necessary to condemn petitioners' entire property. The petitioners' relief is relegated un-

der proper pleadings and proof to the question of the amount of damages they are entitled to recover for injury to their property resulting from the condemnation of the street.

For the reasons stated, the petition for the writ of prohibition is denied.